# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

JOHN THOMAS SKORDAS,

          Plaintiff,

v.                                                          Case No. 5:21-cv-513-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,

          Defendant.

_____

## OPINION AND ORDER[1]

### I.   Status

    John Thomas Skordas ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") partially-favorable final decision that found he was disabled as of April 10, 2019, but not before then. See Transcript of Administrative Proceedings (Doc. No. 19; "Tr." or "administrative transcript"), filed December 28, 2021, at 1084-1116. The effect was to deny Plaintiff's claim for disability insurance benefits ("DIB") because Plaintiff was last insured for DIB on March 31, 2012 (prior to the disability onset date), and

---

[1]    The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 18), filed December 28, 2021; Order (Doc. No. 23), entered January 20, 2022.

to grant Plaintiff's claim for supplemental security income ("SSI") but only as of the disability date of April 10, 2019. See Tr. at 1115.

The case has a long, somewhat tortured history. On October 25, 2010, Plaintiff protectively filed the DIB and SSI applications, alleging a disability onset date of June 22, 2006 in the DIB application and June 1, 2006 in the SSI application which was quickly amended to June 22, 2006.[2] Tr. at 256-62 (DIB), 263-68, 269 (SSI). Plaintiff's originally-alleged inability to work was the result of post-traumatic stress disorder, social anxiety, and depression; later in the administrative process, he added neck, back, and shoulder problems. Tr. at 316, 1429. The applications were denied initially, Tr. at 121, 152-54 (DIB); Tr. at 122, 149-51 (SSI), and upon reconsideration, Tr. at 123, 158-59 (DIB); Tr. at 124, 160-61 (SSI).

On May 15, 2012, an Administrative Law Judge ("ALJ") held a hearing, during which she heard from Plaintiff, who was represented by a non-attorney representative, and a vocational expert ("VE"). See Tr. at 82-120 (hearing transcript), 207 (representative fee agreement). At the time of the hearing, Plaintiff was forty-one (41) years old. Tr. at 86, 91. On August 6, 2012, the ALJ issued a decision finding Plaintiff not disabled through the date of the decision.

---

[2]     The applications are both dated November 18, 2010. Tr. at 256, 263. The ALJ's Decision on appeal lists the protective filing date for both applications as October 25, 2010. Tr. at 1084.

<u>See</u> Tr. at 128-39. On November 29, 2013, the Appeals Council granted Plaintiff's request to review the ALJ's decision and remanded the matter back to the ALJ with instructions. Tr. at 145-47.

A second hearing was held before the ALJ on June 12, 2014, during which Plaintiff was forty-three (43) years old and again appeared with a non-attorney representative. Tr. at 41-81, 46 (hearing transcript), 207, 247 (representative fee agreement). During this hearing, Plaintiff amended his alleged disability onset date to March 1, 2012. Tr. at 45. The ALJ then issued a decision on September 10, 2014 finding Plaintiff was not disabled through the date of the decision. Tr. at 21-34. On February 1, 2016, the Appeals Council denied review. Tr. at 3-5.

Plaintiff appealed the decision to this Court, and on February 21, 2017, this Court entered an Opinion and Order reversing the Commissioner's final decision and remanding the matter for further proceedings. <u>See</u> Tr. at 1067-78 (Opinion and Order), 812, 1259 (Judgment and duplicate). On remand, the Appeals Council vacated the final decision of the Administration and remanded the matter back to an ALJ for further proceedings. Tr. at 809-10. Because Plaintiff had filed another SSI claim while the appeal was pending in this Court, <u>see</u> Tr. at 1194, 1258, 1318-23, the Appeals Council directed the ALJ on remand to consolidate the claims files and issue a new decision on the consolidated claims. Tr. at 809.

Another ALJ held a hearing on July 1, 2019, at which Plaintiff—by this time represented by counsel—testified, and so did a VE. Tr. at 814-46. On August 13, 2019, the ALJ issued a partially-favorable decision finding that Plaintiff was not disabled prior to April 10, 2019, but that he became disabled on that date and through the date of the Decision. Tr. at 769-91. Plaintiff appealed the decision to this Court, and upon the Commissioner's motion to remand, the Court on April 24, 2020 reversed and remanded the case for further administrative proceedings. Tr. at 1186-87.

On remand, the Appeals Council affirmed the ALJ's prior finding that Plaintiff had become disabled on April 10, 2019 but remanded the matter to the ALJ to determine whether Plaintiff was disabled prior to that date. Tr. at 1190-91. The ALJ held another hearing on July 14, 2021, at which he heard from Plaintiff, who remained represented by counsel, and a VE. Tr. at 1130-63 (hearing transcript), 1304-07 (appointment of representative form).

The ALJ then issued a Decision on August 18, 2021 again finding that Plaintiff was not under a disability prior to April 10, 2019, but became disabled on that date and has continued to be disabled through the date of the Decision. Tr. at 1084-1116. This Decision is the final decision of the Commissioner. On October 19, 2021, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

- 4 -

On appeal, Plaintiff argues the ALJ: 1) "failed to apply the correct legal standards" to the opinion of David Guttman, M.D., a non-examining physician; 2) "failed to apply the correct legal standards to" the opinion of Donald J. Tindall, M.D., a consultative examiner; 3) "failed to comply with Social Security Ruling ('SSR') 00-4p"; and 4) "[r]eversal for an award of benefits is the appropriate remedy." Plaintiff's Brief (Doc. No. 26; "Pl.'s Br."), filed July 25, 2022, at 2, 6, 10, 13, 17 (some emphasis omitted). On October 21, 2022, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 30; "Def.'s Mem.") responding to Plaintiff's arguments. After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[3] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a

---

[3]       "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 1088-1115. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since the alleged onset date." Tr. at 1088 (emphasis and citation omitted). At step two, the ALJ found that "[s]ince the alleged onset date of disability, June 22, 2006, [Plaintiff] has had the following severe impairments: mild degenerative disc disease; sciatica; bilateral effusion of the knees with osteoarthritis; right rotator cuff partial tear; headaches; obesity; depressive disorder, NOS; bipolar disorder; generalized anxiety disorder and posttraumatic stress disorder (PTSD)." Tr. at 1088 (emphasis and citation omitted). At step three, the ALJ ascertained that "[s]ince June 22, 2006, [Plaintiff] has not had an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20

[C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 1095 (emphasis and citation omitted).

The ALJ determined that prior to April 10, 2019, Plaintiff had the following residual functional capacity ("RFC"):

> [Plaintiff could] perform sedentary work as defined in 20 CFR [§§] 404.1567(a) and 416.967(a) except that was simple and routine. He could sit for two hours at a time but then would need to stand or walk for no more than five minutes before resuming a seated position. [Plaintiff] could occasionally stoop, kneel, crouch, crawl and climb ramps and stairs but could never climb ladders, ropes, or scaffolds. [Plaintiff] should have avoided exposure to hazards, such as heights or machinery with moving parts. He could frequently reach (including overhead with the upper extremities[)]. No production rate pace work with occasional changes in routine work place setting. Occasional contact with co-workers, supervisors, and the general public.

Tr. at 1098 (emphasis omitted).

At step four, the ALJ found that Plaintiff "has no past relevant work." Tr. at 1113 (some emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("younger individual age 18-44"), education ("at least a high school education"), lack of work experience, and RFC, the ALJ found that "[p]rior to April 10, 2019, . . . there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed," Tr. at 1113 (some emphasis and citation omitted), such as "clerical addresser," "[s]mall products inspector," and "computer washer breaker," Tr. at 1114. The ALJ concluded Plaintiff "was not disabled prior to

April 10, 2019, but became disabled on that date and has continued to be disabled through the date of th[e D]ecision." Tr. at 1115 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is

supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. <u>Crawford v. Comm'r of Soc. Sec.</u>, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

As his first and second arguments, Plaintiff contends the ALJ erred in evaluating the opinions of Dr. Guttman (a non-examining physician) and Dr. Tindall (a consultative examiner). Pl.'s Br. at 6-13. For his third argument, Plaintiff argues the ALJ erred by failing to follow SSR 00-4p and failing to resolve an apparent conflict between the VE's testimony and the DOT. <u>Id.</u> at 13-17. Fourth, Plaintiff argues that reversal with benefits is the appropriate remedy. <u>Id.</u> at 17-19. The undersigned addresses Plaintiff's first and second arguments together, followed by his third argument. Finding no substantive reversible error, the undersigned does not need to reach the fourth argument.

### A. Medical Opinions

Plaintiff argues the ALJ erred in evaluating the opinions of Dr. Guttman and Dr. Tindall. Pl.'s Br. at 6-10, 10-13. Dr. Guttman reviewed the record and authored an opinion regarding Plaintiff's functioning on February 21, 2017. Tr. at 1884-91. Of relevance to Plaintiff's argument, he opined Plaintiff could occasionally reach overhead with his right upper extremity. Tr. at 1887. The

ALJ assigned "partial weight" to Dr. Guttman's opinion.[4] Tr. at 1110. Dr. Tindall examined Plaintiff and authored a report and filled out a form regarding Plaintiff's abilities on April 13, 2012. Tr. at 619-21, 622-24. Relevant to Plaintiff's argument, he opined Plaintiff could never climb stairs and provided numerous other restrictions on Plaintiff's ability to perform work-related activities. Tr. at 620, 619-21. The ALJ assigned Dr. Tindall's opinion "partial weight." Tr. at 1108.

"Medical opinions[[5]] are statements from [physicians or other] acceptable medical sources that reflect judgments about the nature and severity of [a claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 404.1527(a)(1). Acceptable medical sources include licensed physicians, licensed psychologists,

---

[4]    The ALJ did not refer to Dr. Guttman by name, but referred to Exhibit 41F, which contains Dr. Guttman's opinion. See Tr. at 1884-91.

[5]    On January 18, 2017, the SSA revised the Rules regarding the evaluation of medical evidence and symptoms for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5,844, 5,844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (Mar. 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Because Plaintiff protectively filed his claims before that date, the undersigned cites the Rules and Regulations that are applicable to the date the claims were filed, as well as Eleventh Circuit authority interpreting those Rules and Regulations.

licensed optometrists, licensed podiatrists, and qualified speech-language pathologists. 20 C.F.R. § 404.1502(a).[6]

The Regulations establish a hierarchy among medical opinions that provides a framework for determining the weight afforded each medical opinion. See 20 C.F.R. § 404.1527. Essentially, "the opinions of a treating physician are entitled to more weight than those of a consulting or evaluating health professional," and "[m]ore weight is given to the medical opinion of a source who examined the claimant than one who has not." Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1259, 1260 n.5 (11th Cir. 2019). Further, "[n]on-examining physicians' opinions are entitled to little weight when they contradict opinions of examining physicians and do not alone constitute substantial evidence." Id. at 1260 (citing Sharfarz v. Bowen, 825 F.2d 278, 280 (11th Cir. 1987) (per curiam)).

The following factors are relevant in determining the weight to be given to a physician's opinion: (1) the "[l]ength of the treatment relationship and the frequency of examination"; (2) the "[n]ature and extent of [any] treatment relationship"; (3) "[s]upportability"; (4) "[c]onsistency" with other medical evidence in the record; and (5) "[s]pecialization." 20 C.F.R. § 404.1527(c)(2)-(5);

---

[6]     For claims filed on or after March 27, 2017, acceptable medical sources also include licensed audiologists, licensed Advanced Practice Registered Nurses, and licensed Physician Assistants. 20 C.F.R. § 404.1502(a)(6)-(8).

see also 20 C.F.R. § 404.1527(f); Walker v. Soc. Sec. Admin., Comm'r, 987 F.3d 1333, 1338 (11th Cir. 2021) (citation omitted); McNamee v. Soc. Sec. Admin., 164 F. App'x 919, 923 (11th Cir. 2006) (citation omitted) (stating that "[g]enerally, the opinions of examining physicians are given more weight than those of non-examining physicians[;] treating physicians[' opinions] are given more weight than [non-treating physicians;] and the opinions of specialists are given more weight on issues within the area of expertise than those of non-specialists").

An ALJ is required to consider every medical opinion. See 20 C.F.R. § 404.1527(c) (stating that "[r]egardless of its source, we will evaluate every medical opinion we receive"). While "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion," Oldham v. Schweiker, 660 F.2d 1078, 1084 (5th Cir. 1981) (citation omitted); see also 20 C.F.R. § 404.1527(c)(2), "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor," Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) (citing Sharfarz, 825 F.2d at 279); Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005); Lewis, 125 F.3d at 1440.

As noted, the ALJ here assigned "partial weight" to both of the opinions at issue. As to Dr. Guttman's opinion, the ALJ reasoned:

> Regarding the March 8, 2016 application for Supplemental Security Income, the State Agency physician concluded [Plaintiff] could perform light work activity with never climbing ladders and the remaining postural activities at occasional. He can occasionally lift overhead with the right upper extremity and should avoid concentrated exposure to vibration and hazards (Exhibit 41F). . . . I afford the opinion of the State Agency physician on the subsequent application partial weight.

> However, I find the range of sedentary work activity found herein is consistent with the medical evidence of record as a whole based upon the medical evidence of record submitted at the hearing level and upon the subjective complaints of [Plaintiff] discussed herein. [Plaintiff] has not presented to an office visit or emergency department with intractable pain, nor has he required any inpatient treatment for any physical impairment. He received conservative treatment with prescribed medication. He has not engaged in physical therapy and there are no surgical recommendations.

Tr. at 1110.

Plaintiff challenges the ALJ's assessment of Dr. Guttman's opinion as it relates to the assigned limitation in overhead reaching with the right upper extremity. Pl.'s Br. at 6-10. The ALJ, in assigning the opinion partial weight, specifically summarized the aspect of it regarding the overhead reaching, but found instead that the assigned RFC "is consistent with the medical evidence of record as a whole." Tr. at 1110. While the ALJ could have been more detailed in his reason for rejecting the right upper extremity limitation, overall, the ALJ's findings are adequate and supported by substantial evidence.

As to Dr. Tindall, the ALJ wrote:

> On April 13, 2012, Dr. Tindall completed a "Medical Source Statement Of Ability To Do Work-Related Activities (Physical)" (Exhibit 14F). Dr. Tindall opined [Plaintiff] could occasionally lift/carry up to 20 pounds and frequently less than 10 pounds. He could stand and/or walk less than 2 hours and sit less than six-hours in an eight-hour workday. [Plaintiff] must periodically alternate sitting and standing to relieve pain or discomfort; he was limited with pushing and pulling in the upper and lower extremities. [Plaintiff] could never climb, balance, kneel, crouch or crawl. He had limited reaching. [Plaintiff] had limited speaking due to anxiety and panic disorders. He was limited in exposure to all environmental limitations because of pain and anxiety.
>
> I afford this opinion partial weight. While Dr. Tindall opined [Plaintiff] could never climb stairs, [Plaintiff] testified in 2019 that he goes downstairs to watch television. There is nothing in the medical evidence of record revealing [Plaintiff] could not stand and/or walk for less than two hours or sit less than six hours in an eight-hour workday.
>
> A CT scan in February 2012, just prior to the examination revealed "mild" degenerative changes of the spine. Moreover, prior to this evaluation, [Plaintiff] presented with complaints of intermittent abdominal pain assessed with fatty liver and he also presented for intermittent ear pain having had a cold. After this evaluation, in May 2012, treatment note recommended weight loss (Exhibit 16F/1). There is nothing in the medical evidence of record revealing [Plaintiff] is as limited as opined by Dr. Tindall.
>
> Over a year and a half after this independent examination, [Plaintiff] presented with complaints of back pain for several weeks (not knowing if the pain was in the lower, mid or upper back). He reported recent right knee pain with Dr. Carraway noting the

> claimant had "mild" tenderness about T5, his lower back was non-tender and straight leg raise was negative (Exhibit 20F/1). Again, [Plaintiff] did not present with consistent complaints of knee and back pain until late 2018 (Exhibit 26F).

Tr. at 1107-08.

Plaintiff challenges the ALJ's assessment of Dr. Tindall's opinion on the basis that the ALJ overly relied on Plaintiff's ability to climb stairs at home as a basis to reject the portion of it stating Plaintiff can never climb stairs, and on the basis that it relies on other evidence of record to the exclusion of physical examination findings. Pl.'s Br. at 10-13. Plaintiff admits he testified he went downstairs to watch television, see id. at 12 (citing Tr. at 835-36), necessarily requiring him to climb stairs. But he argues that does not equate to an ability to do so throughout a workday. Id. at 12-13. As to the other findings, Plaintiff argues the ALJ was wrong to use other record evidence to discount Dr. Tindall's opinion but not discuss the doctor's own examination findings. Id.

The ALJ rightly contrasted Plaintiff's ability to climb stairs with Dr. Tindall's opinion that he can never do so. As to the use of other record evidence to the exclusion of Dr. Tindall's findings, again, while the ALJ could have been more articulate, the election not to specifically discuss the examination findings is not fatal to the ALJ's overall findings regarding Dr. Tindall's opinion. The ALJ appropriately observed that other record evidence was inconsistent with

the degree of limitation assigned by Dr. Tindall. In sum, the findings are adequate and supported by substantial evidence. There is no reversible error.

## B. Alleged Conflict Between VE Testimony and DOT

Plaintiff contends the ALJ failed to resolve an apparent conflict between the VE's testimony and the DOT, as required by SSR 00-4p and Eleventh Circuit authority. Pl.'s Br. at 13-17. Specifically, Plaintiff points to the hypothetical question to the VE that allowed "sit[ting] two hours at a time but then [a] need to stand or walk for no more than five minutes before resuming a seated position." Id. at 16 (quoting Tr. at 1098, 1157-58). Plaintiff contrasts this hypothetical with the jobs identified by the VE, which, according to Plaintiff, "require the ability to sit for six hours and stand and/or walk for two hours of an eight-hour workday." Id. at 17 (citing Tr. at 1158). According to Plaintiff, the job requirements create "an apparent conflict that the ALJ was required to identify, explain, and resolve, but failed to do so." Id. Responding, Defendant argues there is no apparent conflict between the jobs identified and the hypothetical, so the ALJ was not required to analyze the matter. Def.'s Mem. at 17-19.

An ALJ poses a hypothetical question to a VE as part of the determination of whether the claimant can obtain work in the national economy. See Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002). When the ALJ relies on the testimony of a VE, "the key inquiry shifts" from the RFC assessment in the

ALJ's written decision to the adequacy of the RFC description contained in the hypothetical posed to the VE. <u>Brunson v. Astrue</u>, 850 F. Supp. 2d 1293, 1303 (M.D. Fla. 2011) (quoting <u>Corbitt v. Astrue</u>, No. 3:07-cv-518-HTS, 2008 WL 1776574, at *3 (M.D. Fla. Apr. 17, 2008) (unpublished)). If there are "apparent conflicts" between a VE's testimony and the DOT, the ALJ must identify them, "ask the VE about them, and explain how the conflict was resolved in the ALJ's . . . [D]ecision." <u>Washington v. Comm'r of Soc. Sec.</u>, 906 F.3d 1353, 1365 (11th Cir. 2018); <u>see also</u> <u>Buckwalter v. Acting Comm'r of Soc. Sec.</u>, 5 F.4th 1315 (11th Cir. 2021); SSR 00-4P, 2000 WL 1898704, at *2.

Here, the ALJ specifically asked the VE if the VE's testimony in response to the challenged hypothetical was consistent with the DOT, and the VE testified it was. Tr. at 1158. The ALJ made this finding in the written Decision. Tr. at 1114. Plaintiff, in attempting to create a conflict between the VE's testimony and the DOT, merely cites the Administration's definition of the <u>full</u> <u>range</u> of sedentary work and attempts to contrast it with the jobs identified. <u>See</u> Pl.'s Br. at 16-17 (quoting 20 C.F.R. § 404.1567(a)). But, the VE is an expert in the types of jobs a hypothetical individual can perform based upon an assigned RFC. If Plaintiff were able to perform the full range of sedentary work, the VE's testimony likely would not be needed in the first instance. Plaintiff asserts that the jobs identified by the VE require more sitting and standing and walking than permitted, but the ALJ was permitted to rely on the VE's testimony that

identified various jobs within the sedentary category that limited Plaintiff's abilities further than the blanket sedentary definition. Plaintiff does not attempt to show how the DOT's definitions of these identified jobs are allegedly inconsistent with the assigned RFC. There is no reversible error in this regard.

### V.   Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1.     The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as well as § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2.     The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on January 30, 2023.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record